222 P.2d 886]

[Sac. No. 6102.   In Bank.   Oct. 6, 1950.]

CITY OF STOCKTON et al., Respondents, v. WEST COAST THEATRES, INC., OF NORTHERN CALIFORNIA (a Corporation), Appellant.

Neumiller, Ditz, Beardslee & Sheppard, Dudley Sheppard, O'Melveny & Myers, Jackson W. Chance and William W. Alsup for Appellant.

Bill L. Dozier, City Attorney, and Taubner G. Hamma, Assistant City Attorney, for Respondents.

CARTER, J.—Here we have a city ordinance levying a tax for revenue similar to that involved in *Fox Bakersfield Theatre Corp.* v. *City of Bakersfield, ante,* p. 136 [222 P.2d 879].

Like in the Bakersfield case, the city of Stockton, plaintiff, has a basic business license ordinance No. 985 which classifies the businesses conducted in Stockton and levies a license tax for revenue purposes on them based on various standards. Section 97 imposes a tax on the theatre business of $32 per 100 seats per annum where there are less than 300 seats and a graduated scale on seating capacity over that number. That section of the ordinance was amended in 1947, by ordinance 1972 increasing the tax on theatre but still measuring the tax by seating capacity. Between those two ordinances, ordinance No. 1743 was enacted and approved by referendum. It is that ordinance whose validity is questioned.

It provides that it is enacted "solely to raise revenue" and is "in addition" to the taxes levied under ordinance No. 985; that persons carrying on basketball, football, softball, or baseball games where an admission is charged shall pay a tax of two cents for each ticket sold (§ 20). Also included are boxing and wrestling exhibitions (§ 21), circus or similar exhibitions (§ 22), public dance halls (§ 23), ice or rollerskating rinks (§ 24) museum, store show, theatrical or vaudeville performances (§ 25), concert halls (§ 26) and theatres (§ 27). Exceptions are made for admission paid by persons in military service (§ 29) and children under 12 (§ 29½).

The same constitutional objections are made to this ordinance as were made in the Bakersfield case and on the authority of the latter case, the judgment declaring such ordinance valid is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Edmonds, J., concurred in the judgment.

Appellant's petition for a rehearing was denied November 2, 1950.